## McCARTHY v INDUST. COMM.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17277. Decided Oct. 14, 1940.

David Perris, Cleveland, for plaintiff-appellee.

William Durkin, Cleveland, for defendant-appellant.

## OPINION

By LIEGHLEY, J.

Plaintiff was an employee of The May Company as a helper on one of its trucks. On the 7th day of November, 1935, he claims that he suffered a rupture of a blood vessel on the left side of his head, resulting in paralysis of the right side of his body. He suffered a paralytic stroke.

It is claimed that on this day he was assisting the truck driver in carrying a stove from the platform to the truck, a distance of about twenty (20) feet. The truck driver was lifting one end and the plaintiff the other end of the stove and he claims that while conveying it to the truck the stove slipped from his hands and he caught it while still in mid-air from which a strain resulted and claims the injury upon which he based his claim presented to the Industrial Commission. The claimant became conscious of his affliction about a half hour after this occurrence.

The Industrial Commission denied his right to participate in the Workmen's Compensation Fund. Appeal to the Common Pleas Court was perfected and trial had, with the result that the plaintiff obtained a judgment holding that he was entitled to participate. The May Company was at the time a contributor to the Fund.

The defendant, the Industrial Commission of Ohio, perfected an appeal to this Court, alleging that the trial court committed error in rendering said judgment in that the proof fails to establish a causal relation between the alleged occurrence and the injury.

The only direct evidence of such causal relation was given by one Dr. Steyer in answer to a hypothetical question in which was incorporated substantially all of the material facts claimed to exist by the plaintiff and to have been proven.

In answer to said question, the doctor gave as his opinion,

"The slipping of the stove may have predisposed him to the rupture of the blood vessel."

Attention is called to the fact that this answer really involves two potentialities. The stove may have predisposed him is one; if predisposed, then the slipping of the stove may have caused the rupture of the blood vessel.

The plaintiff, however, claims that this answer should be given a construction, by reason of other proof, of greater force and effect than merely that there might be a causal relation. It is said that this same doctor by a process of elimination, removed four or five or more possible causes of such condition. Nevertheless, it should be noted that while the doctor by this process of elimination removed certain possible causes, in giving his testimony and opinion, the doctor would not, or at least did not say that the slipping of the stove probably caused the rupture of the blood vessel.

Unless there is some proof that such causal relation probably existed the claimant has failed to establish his right to participate in the Compensation Fund.

It is our opinion and judgment that an examination of all the proof in this case will disclose that it establishes nothing more than that such causal relation might exist and therefore the claimant has failed to establish his case.

This rule has recently been established by the Supreme Court of Ohio in the case of **Drakulich v Industrial Commission, 137 Oh St 82.**

The judgment of the Common Pleas Court is therefore reversed and final judgment rendered for appellant, the Industrial Commission of Ohio.

TERRELL, PJ., MORGAN, J., concur.